UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN FLEENOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3260 |
| | ) | |
| FORREST ASHBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Act seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

1

state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007)(*quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted)).  The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'"  Id. (*quoting* Bell Atlantic, 550 U.S. at 555).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(*citing* Bell Atlantic, 550 U.S. at 555-56).  However, pro se pleadings are

liberally construed when applying this standard.  <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

Plaintiff alleges that he has received no mental health treatment whatsoever for his mental disorder, effectively preventing him from securing his release. He states, "I have been in a state of decay and wa[ste] as I wait month after month for treatment, . . ., years have gone by without any, and meaning any at all, treatment." (Complaint, para. 3.)

Plaintiff is entitled to mental health treatment, but not to the treatment of his choice.  *See* <u>McKune v. Lile</u>, 536 U.S. 24, 33 (2002)(conditioning sexual abuse treatment program on inmate's acceptance of responsibility for crimes did not violate Fifth Amendment); <u>Allison v. Snyder</u>, 332 F.3d 1076, 1079 (7th Cir. 2003)("Illinois has concluded that the best treatment for sex offenders is group therapy in which people admit their crimes (to others as well as to themselves), own up to and confront the urges that drive them to perpetrate heinous acts, and then assist each other in overcoming those urges.").

Plaintiff does not give enough information for the Court to determine whether he states a claim with regard to the alleged lack of mental health treatment. Specifically, he does not say that he asked for treatment or that he has consented to the treatment that is offered. No plausible inference of a claim arises without that information. Based on the Court's prior experience with cases by Rushville residents, treatment programs are available for residents but involve group therapy and require the resident to admit to his crimes.

Plaintiff next alleges that placing him in a room with another "sexually violent person" automatically puts him at a substantial risk of serious harm. Plaintiff asserts that Defendants must allow him to room with the resident of his choice or to have his own room.

Defendants must protect Plaintiff from known and substantial risks of serious harm. Yet Plaintiff's allegations of generalized risk are not enough to state a claim. Shields v. Dart, 664 F.3d 178, 181 (7th Cir. 2011)("a general risk of violence in a maximum security unit does not by itself establish knowledge of a substantial risk of harm"). A failure-to-protect claim arises only when the danger is palpable—a near-certain danger of serious harm from a specific and

4

substantial risk. See Brown v. Budz, 398 F.3d 904 (7th Cir. 2005)(substantial risks of assault are "'risks so great that they are almost certain to materialize if nothing is done'")(quoted cite omitted); Babcock v. White, 102 F.3d 267, 270 (7th Cir. 1996)("[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.")

A resident's detention as a sexually violent person does not automatically mean that resident poses a substantial risk of serious harm to Plaintiff, who is also a sexually violent person. The risk might exist for only a subset of persons, such as those who fit the resident's victim profile. Plaintiff does not give any details about his allegation that he "has been forced to live with persons that caused my physical harm, . . . ." (Complaint, para. 8.) He does not name any particular roommate who posed a specific risk, state when this occurred, address whether and how the feared risk actually materialized, or explain how each Defendant was aware of the risk.

In sum, Plaintiff's allegations are too vague and conclusory to state plausible federal claims. However, Plaintiff will be given an

5

opportunity to file an amended complaint to provide more factual details if he believes he can state a federal claim.

IT IS ORDERED:

1. Plaintiff's Complaint is dismissed, without prejudice, for failure to state a claim.

2. Plaintiff may submit an amended complaint by February 11, 2013. If Plaintiff does not submit an amended complaint, Plaintiff's in forma pauperis petition will be denied and this case will be closed.

ENTERED: January 28, 2013

FOR THE COURT:

                                       **s/Sue E. Myerscough**
                                       SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE