**E-FILED**
Friday, 08 February, 2013  08:23:16 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOHN FLEENOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3260 |
| | ) | |
| FORREST ASHBY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff has filed an amended complaint in accordance with the Court's order.  The amended complaint contains sufficiently detailed factual allegations to allow a plausible inference that Defendants have refused to treat Plaintiff's serious mental health disorder.  Also, a plausible inference arises that Defendants have failed and continue to fail to protect Plaintiff from unwanted sexual contact and sexual assaults from other residents.  Plaintiff's in forma pauperis petition will be granted on these claims.

However, Plaintiff states no claim against Defendant Liberty Health Care Corporation.  Liberty Health Care Corporation's status

as an employer does not make it liable for the constitutional violations of its employees.  Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)(no 42 U.S.C. § 1983 respondeat superior liability for municipality or private corporation).  The Corporation is liable only if the constitutional violations were caused by an unconstitutional policy or practice put in place by the Corporation.  "In order to recover against a municipal or corporate defendant under section 1983, it is not enough for the plaintiff to show that an employee of the municipality or corporation violated his constitutional rights; he must show that his injury was the result of the municipality's or corporation's official policy or custom."  Rice v. Correctional Medical Services, 675 F.3d 650, 675 (7th Cir. 2012).  No plausible inference arises of an unconstitutional policy or practice attributable to the Corporation.  Accordingly, Liberty Health Care Corporation will be dismissed without prejudice.

IT IS ORDERED:

1. Pursuant to its review of the Complaint, the Court finds that Plaintiff states federal constitutional claims for deliberate indifference to his serious mental health needs and for the

failure to protect him from a substantial risk of serious harm. This case proceeds solely on the claims identified in this paragraph against Defendants Ashby, Jumper, and Wilczyski in their individual and official capacities.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendant Liberty Health Care Corporation is dismissed, without prejudice, for failure to state a claim against it.

3. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.

4. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that

4

fails to include a required certificate of service shall be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9.  This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on  April 29, 2013 at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

10.   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11.  Plaintiff shall immediately notify the Court, in writing, of any

change in his mailing address and telephone number.

Plaintiff's failure to notify the Court of a change in mailing

address or phone number will result in dismissal of this

lawsuit, with prejudice.

ENTERED:  February 8, 2013

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE